868 F.2d 1129
 19 Bankr.Ct.Dec. 82, Bankr. L. Rep. P 72,730
 In re MUNPLE, LTD., a California limited partnership, Debtor.
MARCUS & MILLICHAP INCORPORATED OF SAN FRANCISCO, Creditor-Appellee,
v.
MUNPLE, LTD., a California limited partnership, Debtor-Appellant.
MARCUS & MILLICHAP INCORPORATED OF SAN FRANCISCO, Creditor-Appellant,
v.
MUNPLE, LTD., a California limited partnership, Debtor-Appellee.
 Nos. 87-2929, 87-2940.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Dec. 14, 1988.
Decided March 6, 1989.
 
 Merle C. Meyers, Goldberg, Stinnett & MacDonald, San Francisco, Cal., for debtor-appellant and cross-appellee.
 Don Robinson, Phelan, Stuppi, Sorensen & McQuaid, San Francisco, Cal., for creditor-appellee and cross-appellant.
 Appeal from the United States District Court for the Northern District of California.
 Before CHOY, CANBY and NORRIS, Circuit Judges.
 WILLIAM A. NORRIS, Circuit Judge:
 
 
 1
 Appellant and cross-appellee Munple, Ltd., the debtor in a chapter 11 bankruptcy proceeding, appeals the district court's order affirming the bankruptcy court's Order Denying Debtor's Motion to Sell Free and Clear of Disputed Liens. At issue is whether a commission agreement between Munple and appellee and cross-appellant Marcus & Millichap ("M & M"), a brokerage firm hired to find a purchaser for Munple's land, was an executory contract assumed by Munple in bankruptcy. Because we hold that the commission agreement was not executory, we reverse the district court's ruling on this issue. We affirm the district court's denial of attorneys' fees to M & M.
 
 BACKGROUND
 
 2
 Munple entered into a representation agreement with M & M, under which M & M would act as broker for the sale of a piece of real estate owned by Munple, and would receive a $400,000 commission for the sale. Later that year, M & M found a buyer for Munple's land. A purchase agreement was executed by Munple, M & M, and the prospective buyer, which provided for a new brokerage commission of $330,000 payable to M & M at the close of escrow.
 
 
 3
 Before escrow closed, disputes arose between Munple and the buyer which culminated in Munple's filing for bankruptcy under chapter 11. After initiating the bankruptcy proceedings, Munple sought to assume the real estate purchase agreement so the escrow could close. The bankruptcy court issued an order allowing Munple to assume the purchase agreement.
 
 
 4
 Upon learning that Munple had assumed the purchase agreement, M & M submitted a demand that its $330,000 commission be paid at the close of escrow. In response, Munple filed a motion with the bankruptcy court for permission to sell the land free and clear of M & M's claim to payment.
 
 
 5
 The bankruptcy court denied Munple's motion, and entered an order directing Munple to pay the disputed commission claim upon the close of sale. On appeal by Munple, the district court affirmed, holding that the commission agreement was an executory contract that had been assumed by Munple after initiation of the chapter 11 proceedings. The district court denied M & M's request for attorneys' fees. Munple now appeals the district court's ruling on the commission agreement, while M & M cross-appeals the court's denial of attorneys' fees.
 
 ANALYSIS
 
 6
 Under section 365 of the Bankruptcy Code, a debtor may assume the obligations of an executory contract subject to the bankruptcy court's approval. See 11 U.S.C. Sec. 365(a). Whether a contract is executory within the meaning of the Bankruptcy Code is a question of federal law. Benevides v. Alexander (In re Alexander), 670 F.2d 885, 888 (9th Cir.1982). In our recent decision in Griffel v. Murphy (In re Wegner), 839 F.2d 533 (9th Cir.1988), we established the following standard for determining whether a contract is executory for purposes of the code:
 
 
 7
 Although the Code does not define "executory contract," courts have generally defined such a contract as one on which performance is due to some extent on both sides.... [I]n executory contracts the obligations of both parties are so far unperformed that the failure of either party to complete performance would constitute a material breach and thus excuse the performance of the other.
 
 
 8
 Id. at 536 (citing NLRB v. Bildisco & Bildisco, 465 U.S. 513, 522 n. 6, 104 S.Ct. 1188, 1194 n. 6, 79 L.Ed.2d 482 (1984)). This means that when a party has "substantially performed" its side of the bargain, such that the party's failure to perform further would not constitute a material breach excusing performance by the other party, a contract is not executory. Pacific Express, Inc. v. Teknekron Infoswitch Corp. (In re Pacific Express, Inc.), 780 F.2d 1482, 1487-88 (9th Cir.1986). The party who has fully performed is thus relegated to the position of a general creditor of the bankrupt estate.
 
 
 9
 Under this standard, the commission agreement between Munple and M & M was not executory at the time that Munple assumed the purchase agreement in bankruptcy. By the time the purchase agreement was signed, M & M had completed all the performance necessary to earn its commission if and when the sale closed. M & M had procured a buyer, which was all it was required to do to earn the commission. Having found a buyer, M & M was entitled to its commission as soon as the sale closed, regardless of whether it did anything further. Thus, the commission provision in the purchase agreement was not an executory contract as defined in Wegner.
 
 
 10
 M & M argues on appeal that the commission provision in the purchase agreement was executory because payment of the commission was contingent on the closing of the sale. In effect, M & M argues that the condition precedent to Munple's obligation to pay the commission rendered the agreement executory. This argument confuses performance obligations and conditions precedent. Although under the terms of the agreement M & M could receive its commission only if and when Munple and the buyer closed the sale, M & M had no material obligations left to perform. The condition precedent to Munple's obligation to pay the commission imposed no further obligations on M & M, nonperformance of which would have excused Munple from paying the commission. Because M & M had done everything required of it to earn the commission, the commission provision in the purchase agreement was not executory. In so concluding, we are in line with other decisions holding that brokerage commission agreements are performed when a buyer is procured, and are not made executory by a provision conditioning payment on closing the sale. See, e.g., Coldwell Banker & Co. v. Godwin Bevers Co. (In re Godwin Bevers Co.), 575 F.2d 805, 807 (10th Cir.1978); In re Moskovic, 77 B.R. 421, 422-23 (Bkrtcy.S.D.N.Y.1987); In re Murtishi, 55 B.R. 564, 569 (Bkrtcy.N.D.Ill.1985).
 
 
 11
 M & M nonetheless argues that the commission provision in the purchase agreement was executory because of services M & M assertedly rendered after the signing of the purchase agreement. M & M alleges that even after the purchase agreement was signed, it "rendered substantial services and incurred expenses in connection with the sale." Brief of Appellee at 4. M & M contends that the purchase agreement "authorized" it to render such services and gave it a "strong incentive" to help close the deal because payment of the commission was contingent on closing. Id. at 13. Even if true, these facts do not render the commission agreement executory on M & M's part after it produced the buyer. While M & M may have had both the authority and the incentive to render further services after the purchase agreement was signed, the critical question is whether M & M was required to perform such services in order to earn its commission. Nothing in the original representation agreement or in the later purchase agreement suggests such an obligation; and indeed, M & M does not even argue that such an obligation existed. In sum, the commission provision in the purchase agreement was plainly not executory.[1]
 
 
 12
 On cross-appeal, M & M argues that it is entitled to attorneys' fees in this action, pursuant to a provision in the commission agreement entitling the prevailing party to reasonable attorneys' fees in any litigation arising out of the agreement. Because we reverse the district court's ruling that the commission agreement was an executory contract entitling M & M to payment of its commission out of the proceeds of the sale, M & M cannot be considered the prevailing party in this action. We therefore affirm the district court's denial of attorneys' fees, and deny the request for fees stemming from this appeal.
 
 
 13
 The district court's Order is AFFIRMED in part and REVERSED in part.
 
 
 
 [1]
 M & M also argues that even if the commission agreement was not an executory contract under section 365 of the Bankruptcy Code, M & M's claim for payment should be given "administrative expense" priority under 11 U.S.C. Sec. 503(b)(1)(A). This issue is not properly before us on appeal. We are only reviewing the lower courts' denial of Munple's motion to sell free and clear of disputed liens